■ CENLAR, FSB, Respondent, v ERVIN WEISZ et al., Appellants, et al., Defendants. [25 NYS3d 308]—

In an action to foreclose a mortgage, the defendants Ervin Weisz and Shoshy Weisz appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated January 15, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the affirmative defenses raised in their answer, and to appoint a referee to compute the

amount due to the plaintiff, and (2) from an order of the same court, also dated January 15, 2015.

Ordered that the first order dated January 15, 2015, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the affirmative defenses raised in the appellants' answer, and to appoint a referee to compute the amount due to the plaintiff are denied, and the second order dated January 15, 2015, is vacated; and it is further,

Ordered that the appeal from the second order dated January 15, 2015, is dismissed as academic in light of our determination on the appeal from the first order; and it is further,

Ordered that one bill of costs is awarded to the appellants.

In 2003, Ervin Weisz and Shoshy Weisz (hereinafter the appellants) executed and delivered a mortgage to the plaintiff's assignor as security for a home loan, which was evidenced by a note. In March 2011, the appellants defaulted on their payment obligations. In 2012, the plaintiff commenced this action against, among others, the appellants. The appellants interposed an answer in which they asserted several affirmative defenses including, as relevant to this appeal, that the plaintiff failed to serve them with the 90-day notice required by RPAPL 1304. After numerous foreclosure settlement conferences from February 26, 2013 through July 10, 2014, followed by a 45-day stay, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the affirmative defenses raised in the appellants' answer, and to appoint a referee to compute the amount due to the plaintiff. The Supreme Court granted those branches of the plaintiff's motion.

The plaintiff failed to establish, prima facie, that it strictly complied with the 90-day notice required by RPAPL 1304. In support of its motion, the plaintiff submitted the affidavit of Judy M. McLaughlin, a "Foreclosure Team Leader" employed by the plaintiff, who averred that she was familiar with the facts and circumstances set forth in her affidavit based on her review and examination of the records maintained by the plaintiff in the regular course of business. McLaughlin stated in her affidavit that the RPAPL 1304 notice was mailed to the borrowers "by regular and certified mail" on March 11, 2011. These unsubstantiated and conclusory statements were insufficient to establish that the 90-day notice required by RPAPL 1304 was mailed to the appellants by first class and certified mail (see Citimortgage, Inc. v Espinal, 134 AD3d 876 [2015]; Bank of N.Y. Mellon v Aquino, 131 AD3d 1186, 1186-1187 [2015]; Wells Fargo Bank, NA v Burke, 125 AD3d 765, 767

[2015]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 910 [2013]; *HSBC Mtge. Corp. [USA] v Gerber*, 100 AD3d 966 [2012]).

Since the plaintiff failed to meet its prima facie burden, we need not consider the sufficiency of the appellants' papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the affirmative defenses raised in the appellants' answer, and to appoint a referee to compute the amount due to the plaintiff.

In light of our determination, we need not address the appellants' remaining contention. Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.