■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the INDYMAC IMJA MORTGAGE TRUST 2007-A4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-A4 UNDER THE POOLING AND SERVICING AGREEMENT DATED DECEMBER 1, 2007, Respondent, v ANN MARIE CUNNINGHAM, Appellant, et al., Defendants. [36 NYS3d 726]—

In an action to foreclose a mortgage, the defendant Ann Marie Cunningham appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Graham, J.), dated August 6, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and to appoint a referee to compute the amount due to the plaintiff, and to strike her affirmative defenses of lack of standing and failure to comply with the provisions of RPAPL 1304.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ann Marie Cunningham and to appoint a referee to compute the amount due to the plaintiff, and to strike that defendant's affirmative defenses of lack of standing and failure to comply with the provisions of RPAPL 1304 are denied.

The defendant homeowner, Ann Marie Cunningham (hereinafter the defendant), allegedly defaulted on her mortgage in

January 2010, and the plaintiff commenced this action to foreclose the mortgage in June 2010. The defendant interposed an answer wherein she alleged, as affirmative defenses, that the plaintiff lacked standing since it was not in possession of the note when the action was commenced, and that the plaintiff did not comply with RPAPL 1304, which required the plaintiff to furnish a 90-day notice as a condition precedent to the commencement of the action. The Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and to strike the defendant's affirmative defenses of lack of standing and failure to comply with RPAPL 1304. As relevant to this appeal, the court concluded that the plaintiff established its standing by submitting an affidavit from its mortgage servicer stating that the plaintiff was in possession of the note at the time the action was commenced, and that it complied with RPAPL 1304. We reverse insofar as appealed from.

"Where, as here, the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (*HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 984 [2015]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-362 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]).

The plaintiff alleges that it was assigned the underlying note from IndyMac Bank, F.S.B., the original holder of the note. The plaintiff submitted the note in support of its motion, which contained a blank and undated endorsement from IndyMac Bank, F.S.B. The plaintiff also submitted an affidavit from Greg Warner, vice-president of OneWest Bank, F.S.B., the plaintiff's mortgage servicing agent. This affidavit, which was notarized on March 7, 2012, stated in relevant part that "plaintiff is the holder and is in possession of, or is otherwise entitled to enforce the [subject] note." However, neither this statement nor the rest of the affidavit established that the

plaintiff was the holder of or in possession of the note at the time this action was commenced in June 2010. Thus, the plaintiff failed to establish its standing and, consequently, the court should not have struck the affirmative defense alleging lack of standing (*see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682 [2012]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754).

In addition, the plaintiff failed to establish, prima facie, that it strictly complied with the 90-day notice required by RPAPL 1304 (*see Cenlar, FSB v Weisz*, 136 AD3d 855, 856 [2016]; *Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1186-1187 [2015]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 910 [2013]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]). Consequently, the Supreme Court erred in striking the defendant's affirmative defense which alleged noncompliance with this statute.

Moreover, since the plaintiff failed to establish its standing and that it complied with RPAPL 1304, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to compute the amount due to the plaintiff (*see Cenlar, FSB v Weisz*, 136 AD3d at 857; *Bank of N.Y. Mellon v Green*, 132 AD3d 706 [2015]; *Wells Fargo Bank, NA v Burke*, 125 AD3d 765, 766-767 [2015]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754). Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.