In an action to foreclose a mortgage, the defendant Demetra Allen appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), entered October 13, 2015, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, and to refer the matter to a referee to ascertain and compute the amount due.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiffs motion which were for summary judgment on the complaint insofar as asserted against the appellant, to strike her answer, and to refer the matter to a referee to ascertain and compute the amount due are denied, and the determination in an order of the same court dated March 4, 2013, granting those branches of the plaintiff’s motion, is vacated.
 

 “Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default” (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [2015] [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687 [2017]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684 [2016]). Where, however, a plaintiff’s standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725 [2017]; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974 [2014]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). Either a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011 [2017]).
 

 Here, the plaintiff failed to establish, prima facie, that it had standing to commence this action. The copy of the note, which was not annexed to the complaint but was submitted by the plaintiff in support of its motion, inter alia, for summary judgment, contained an undated endorsement to the plaintiff (see Deutsche Bank Natl. Trust Co. v Cunningham, 142 AD3d 634, 635-636 [2016]; Deutsche Bank Natl. Trust Co. v Weiss, 133 AD3d 704, 705-706 [2015]; Flagstar Bank, FSB v Anderson, 129 AD3d 665, 666 [2015]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]). Furthermore, although the document control officer of the plaintiff’s loan servicer stated in his affidavit that the plaintiff was the holder of the note, he never stated that the plaintiff was the holder of the note at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Cunningham, 142 AD3d at 635-636; Deutsche Bank Natl. Trust Co. v Weiss, 133 AD3d at 705-706).
 

 The parties’ remaining contentions either are without merit or need not be reached in light of our determination.
 

 Accordingly, the Supreme Court should have denied those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant Demetra Allen, to strike her answer, and to refer the matter to a referee to ascertain and compute the amount due.
 

 Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.