Deutsche Bank Natl. Trust Co. v Horowitz (2018 NY Slip Op 05278)





Deutsche Bank Natl. Trust Co. v Horowitz


2018 NY Slip Op 05278


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-04268
2016-09693
 (Index No. 17853/11)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Mark M. Horowitz, appellant, et al., defendants.


Mark M. Horowitz, Great Neck, NY, appellant pro se.
Houser & Allison, APC, New York, NY (Danielle P. Light of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mark M. Horowitz appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 28, 2016, and (2) an order of the same court entered March 29, 2016. The order entered January 28, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mark M. Horowitz, to strike the verified answer and tenth affirmative defense of that defendant, and for an order of reference. The order entered March 29, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mark M. Horowitz, to strike the verified answer and tenth affirmative defense of that defendant, and for an order of reference, and appointed a referee to compute the amount due on the mortgage loan.
ORDERED that the order entered January 28, 2016, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mark M. Horowitz, to strike the verified answer and tenth affirmative defense of that defendant, and for an order of reference are denied, and so much of the order entered March 29, 2016, as granted those branches of the plaintiff's motion and appointed a referee to compute the amount due on the mortgage loan is vacated; and it is further,
ORDERED that the appeal from the order entered March 29, 2016, is dismissed as academic in light of our determination on the appeal from the order entered January 28, 2016; and [*2]it is further,
ORDERED that one bill of costs is awarded to the appellant.
The plaintiff commenced this action against the defendant Mark M. Horowitz (hereinafter the defendant), among others, to foreclose a mortgage on his home in Great Neck. The defendant joined issue by verified answer, in which he raised, inter alia, lack of standing as an affirmative defense.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. The plaintiff argued that it had standing to commence the action based on physical delivery and a written assignment of the note prior to the commencement of the action. The defendant opposed the motion, asserting that the plaintiff had failed to establish standing based either on physical delivery or a written assignment of the note prior to the commencement of the action. In its reply papers, the plaintiff abandoned its claim of standing based on a written assignment and relied solely on the affidavit it had submitted in support of the motion and the endorsement in blank stamped on the copy of the note annexed to the affidavit. The plaintiff asserted that these two documents established its status as holder of the note at the time it commenced this action. The Supreme Court granted the motion, finding that the plaintiff had "shown a right to maintain the action and a prima facie right to judgment as the holder of a note and mortgage executed by defendants and a default in making the required payments," and that the defendant had "failed to establish or raise an issue of fact as to a defense of the action." The defendant appeals.
A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d 355, 361-362; US Bank N.A. v Cohen, 156 AD3d 844, 845-846; U.S. Bank, N.A. v Noble, 144 AD3d 786; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Once a note is transferred, the mortgage passes as an incident to the note (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d at 361-362; US Bank N.A. v Cohen, 156 AD3d at 846; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726).
Here, the plaintiff failed to establish, prima facie, that it had standing to commence this action. The copy of the note, which was not annexed to the complaint, but was submitted by the plaintiff in support of its motion, inter alia, for summary judgment, contained an undated endorsement in blank (see Wells Fargo Bank, N.A. v Allen, 154 AD3d 644, 645; Deutsche Bank Natl. Trust Co. v Cunningham, 142 AD3d 634, 635-636; U.S. Bank, N.A. v Collymore, 68 AD3d at 754). Furthermore, although the affidavit of the contract management coordinator of the plaintiff's loan servicer, together with the documents submitted therewith, established, prima facie, that the plaintiff was presently the owner of the note, the affidavit and documentation failed to establish, prima facie, that the plaintiff was the owner of the note at the time the action was commenced (see Wells Fargo Bank, N.A. v Allen, 154 AD3d at 646; Deutsche Bank Natl. Trust Co. v Cunningham, 142 AD3d at 636; U.S. Bank, N.A. v Collymore, 68 AD3d at 754). Thus, the plaintiff failed to establish, prima facie, that it was the holder of the note at the time the action was commenced.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and tenth affirmative defense, and for an order of reference.
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court