Wilmington Sav. Fund Socy., FSB v Kutch (2022 NY Slip Op 01066)





Wilmington Sav. Fund Socy., FSB v Kutch


2022 NY Slip Op 01066


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-01580
 (Index No. 5355/10)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Suzanne Kutch, appellant. Richard J. Sullivan, Port Jefferson, NY, for appellant.


Peter T. Roach & Associates, P.C., Syosset, NY (Michael C. Manniello of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Suzanne Kutch appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 20, 2018. The order and judgment of foreclosure and sale, upon an order of the same court entered November 2, 2017, inter alia, granting that branch of the cross motion of JPMorgan Chase Bank, National Association, the plaintiff's predecessor in interest, which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Suzanne Kutch, to strike her answer, and for an order of reference, which had been denied in an order of the same court dated January 7, 2013, and, upon renewal, in effect, vacated the determination in the order dated January 7, 2013, and thereupon granted those branches of the motion of JPMorgan Chase Bank, National Association, which were for summary judgment on the complaint insofar as asserted against the defendant Suzanne Kutch, to strike her answer, and for an order of reference, and upon an order of the same court entered April 10, 2017, denying the motion of the defendant Suzanne Kutch, in effect, for summary judgment dismissing the complaint insofar as asserted against her, granted the motion of JPMorgan Chase Bank, National Association, for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the motion of JPMorgan Chase Bank, National Association, for a judgment of foreclosure and sale is denied, so much of the order entered November 2, 2017, as, upon renewal, in effect, vacated the determination in the order dated January 7, 2013, denying those branches of the motion of JPMorgan Chase Bank, National Association, which were for summary judgment on the complaint insofar as asserted against the defendant Suzanne Kutch, to strike her answer, and for an order of reference, and thereupon granted those branches of that motion is vacated, and upon renewal, the determination in the order dated January 7, 2013, denying those branches of the motion of JPMorgan Chase Bank, National Association, which were for summary judgment on the complaint insofar as asserted against the defendant Suzanne Kutch, to strike her answer, and for an order of reference is adhered to.
On October 5, 2006, the defendant Suzanne Kutch (hereinafter the defendant) executed a note in favor of Washington Mutual Bank, FA (hereinafter WAMU), in the principal sum [*2]of $900,000. The note was secured by a mortgage on certain residential property located in Port Washington.
In March 2010, the plaintiff's predecessor in interest, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), commenced this action against, among others, the defendant to foreclose the mortgage. In the complaint, JPMorgan alleged that it had complied with the notice requirements of RPAPL 1304. In her answer, the defendant denied that allegation and raised, among other affirmative defenses, lack of standing.
In or about September 2012, JPMorgan moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. In an order dated January 7, 2013, the Supreme Court, among other things, denied that branch of JPMorgan's motion. However, in an order dated October 28, 2013, the court, among other things, upon reargument, in effect, vacated the determination in the order dated January 7, 2013, denying that branch of JPMorgan's motion which was for summary judgment on the complaint insofar as asserted against the defendant, and granted that branch of the motion.
The defendant appealed from the order dated October 28, 2013. This Court reversed the order insofar as appealed from, in a decision and order dated August 10, 2016, determining that, upon reargument, the Supreme Court should have adhered to its prior determination denying that branch of JPMorgan's motion which was for summary judgment on the complaint insofar as asserted against the defendant (see JPMorgan Chase Bank, N.A. v Kutch, 142 AD3d 536).
In or about January 2017, the defendant moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the ground that JPMorgan failed to comply with RPAPL 1304. In an order entered April 10, 2017, the Supreme Court denied the motion. The defendant thereafter moved for leave to reargue and/or renew her prior motion, and JPMorgan cross-moved, inter alia, for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, and to amend the caption to reflect the assignment of the mortgage, in November 2015, to the plaintiff.
In an order entered November 2, 2017, the Supreme Court, inter alia, denied the defendant's motion, granted that branch of JPMorgan's cross motion which was for leave to renew and, upon renewal, granted those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In an order and judgment of foreclosure and sale entered November 20, 2018, the court granted JPMorgan's motion for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see U.S. Bank N.A. v Hammer, 192 AD3d 846, 847-848). "The statute requires that such notice . . . be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016 [internal quotation marks omitted]; see RPAPL 1304[2]; U.S. Bank N.A. v Hammer, 192 AD3d at 848). Compliance with these requirements can be "established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21 [internal quotation marks omitted]; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556; U.S. Bank N.A. v Hammer, 192 AD3d at 848).
Here, to establish that it properly served the defendant pursuant to RPAPL 1304, JPMorgan submitted an affidavit, entitled an "Affidavit of Mailing," signed by James A. Ranaldi, an "Authorized Signer" employed by JPMorgan. Ranaldi, however, did not attest to personal [*3]knowledge of the actual mailings. Nor did he state that he had personal knowledge "of a standard office mailing procedure designed to ensure that items are properly addressed and mailed" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Although Ranaldi asserted, based upon his review of business records associated with the subject loan, that "a ninety-day (90) pre-foreclosure notice dated 12/04/2009 was sent by regular first class and certified mail under the exclusive care and custody of the United States Postal Service addressed to [the defendant at the subject property]," "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205; see Selene Fin., L.P. v Coleman, 187 AD3d 1082, 1085). The records attached to Ranaldi's affidavit provided evidence that the 90-day notice was sent to the defendant by certified mail. But none of the documents, considered individually or together, including the copies of the notice letters themselves, provided any information as to whether the 90-day notice was sent to the defendant by regular first-class mail (see Everbank v Greisman, 180 AD3d 758, 760; PennyMac Corp. v Khan, 178 AD3d 1064, 1066; cf. Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309-1310). Without business records proving the matter asserted, Ranaldi's "unsubstantiated and conclusory" statement, by itself, was insufficient to establish that the RPAPL 1304 notice was mailed to the defendant by first-class mail (Wells Fargo Bank, N.A. v Moran, 168 AD3d 1128, 1129).
The plaintiff's reliance on the "long-standing common-law presumption" that "a letter or notice that is properly stamped, addressed, and mailed is presumed to be received by the
addressee," is unavailing. Without proof that the letter or notice was, in fact, "properly stamped, addressed, and mailed," there can be no presumption that the mailing was received by the addressee. Accordingly, the Supreme Court, upon renewal, should have adhered to its determination in the January 7, 2013 order denying those branches of JPMorgan's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
Nevertheless, the Supreme Court properly denied the defendant's motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the defendant Allison Quinn, who was not named as a "borrower" on the note, but was listed as a "borrower" on the mortgage agreement, was entitled to service of the 90-day notice. Contrary to the plaintiff's contention, JPMorgan was required to comply with RPAPL 1304 with respect to Quinn, because she was a borrower for purposes of RPAPL 1304 (see Bank of N.Y. Mellon v Forman, 176 AD3d 663, 665; Aurora Loan Services v Weisblum, 85 AD3d at 105). The defendant, however, lacked standing to contest JPMorgan's compliance with the notice requirements of RPAPL 1304 with respect to Quinn "inasmuch as that claim is personal to [Quinn], and thus may be raised, if at all, only by [Quinn]" (Wells Fargo Bank, N.A. v Bowie, 89 AD3d 931, 932). Moreover, since the failure to comply with RPAPL 1304 is not a jurisdictional defect, and that defense was never raised by Quinn, who failed to appear or answer the complaint, JPMorgan was not required to demonstrate its compliance with RPAPL 1304 with respect to Quinn (see Chase Home Fin., LLC v Guido, 189 AD3d 1339, 1340; U.S. Bank Trust, N.A. v Green, 173 AD3d 1111, 1112). Further, as no notice of appeal was filed on her behalf, Quinn is not a party to this appeal (see Deutsche Bank Trust Co. Ams. v Marous, 127 AD3d 1012, 1013).
Finally, there is no merit to the defendant's contention that JPMorgan failed to establish, prima facie, that it had standing to commence this action. In opposition to the defendant's motion for leave to renew and/or reargue, and in support of its cross motion, JPMorgan submitted an affidavit of a representative of the Federal Deposit Insurance Corporation (hereinafter the FDIC) establishing that, in 2008, after WAMU, the lender herein, had entered into receivership with the FDIC, JPMorgan and the FDIC entered into a purchase and assumption agreement, pursuant to which JPMorgan acquired all of the rights in WAMU's loans and loan commitments (see JPMorgan Chase Bank, N.A. v Austern, 193 AD3d 830, 831; JPMorgan Chase Bank, N.A. v Gottlieb, 188 AD3d 1171, 1172). Since JPMorgan established that it acquired the subject loan prior to the commencement of this action in March 2010, it established, prima facie, its standing to commence the action at that time (see JPMorgan Chase Bank, N.A. v Austern, 193 AD3d at 831-832; JPMorgan Chase Bank, N.A. v Gottlieb, 188 AD3d at 1172).
CONNOLLY, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court