PHH Mtge. Corp. v Shouela (2022 NY Slip Op 06278)

PHH Mtge. Corp. v Shouela

2022 NY Slip Op 06278

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-00716
 (Index No. 30301/10)

[*1]PHH Mortgage Corporation, etc., respondent,
v
Isaac Shouela, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (James Tierney, Serge F. Petroff, and Steven Amshen of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Isaac Shouela appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated January 30, 2019. The order and judgment of foreclosure and sale, upon an order of the same court (Peter P. Sweeney, J.) dated October 29, 2018, inter alia, denying that branch of that defendant's cross motion which was for leave to renew his opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference, which had been granted in orders of the same court (Peter P. Sweeney, J.) dated October 28, 2016, and November 27, 2017, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on property located in Brooklyn against, among others, the defendant Isaac Shouela (hereinafter the defendant). The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The Supreme Court, among other things, granted those branches of the plaintiff's motion in orders dated October 28, 2016, and November 27, 2017.
Subsequently, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, for leave to renew his opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference. In an order dated October 29, 2018, the Supreme Court, among other things, denied that branch of the defendant's cross motion. In an order and judgment of foreclosure and sale dated January 30, 2019, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change [*2]in the law that would change the prior determination" (CPLR 2221[e][2]).
Contrary to the defendant's contention, he did not show that there had been a change in the law (see Cenlar, FSB v Weisz, 136 AD3d 855, 856; Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 793; Nocella v Fort Dearborn Life Ins. Co. of N.Y., 99 AD3d 877), so as to warrant renewal of his opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference (see American Home Mtge. Servicing, Inc. v Carnegie, 181 AD3d 632, 633). Accordingly, the Supreme Court properly denied that branch of the defendant's cross motion which was for leave to renew.
The defendant's remaining contention is not properly before this Court, as it is improperly raised for the first time on appeal.
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court