U.S. Bank N.A. v Valencia (2023 NY Slip Op 04426)

U.S. Bank N.A. v Valencia

2023 NY Slip Op 04426

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-00050
 (Index No. 23170/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Emma Valencia, etc., et al., appellants, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
LOGS Legal Group, LLP, Rochester, NY (Ellis Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Emma Valencia and Hugo Valencia appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), entered June 7, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon a decision of the same court dated December 28, 2018, inter alia, denied that branch of those defendants' cross-motion which was, in effect, for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, which had been granted in an order of the same court (Rudolph E. Greco, Jr., J.) dated November 8, 2017, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof confirming the referee's report and directing the sale of the subject property; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as appealed from, without costs or disbursements.
On October 31, 2006, the defendants Emma Valencia and Hugo Valencia (hereinafter together the defendants) executed a note in the principal sum of $604,000, which was secured by a [*2]mortgage on certain real property located in Queens (hereinafter the subject property). In December 2013, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated November 8, 2017, the Supreme Court granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff.
The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved, inter alia, in effect, for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference. The plaintiff opposed the defendants' cross-motion. In an order and judgment of foreclosure and sale entered June 7, 2019, the Supreme Court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, denied that branch of the defendants' cross-motion which was, in effect, for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, and confirmed the referee's report and directed the sale of the subject property. The defendants appeal.
A motion for leave to renew based upon an alleged change in the law "shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). Here, the defendants failed to demonstrate that there had been a change in the law (see PHH Mtge. Corp. v Shouela, 210 AD3d 815, 816; see also Cenlar, FSB v Weisz, 136 AD3d 855, 856; Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 793) so as to warrant renewal of their opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference (see PHH Mtge. Corp. v Shouela, 210 AD3d at 816; American Home Mtge. Servicing, Inc. v Carnegie, 181 AD3d 632, 633). Accordingly, the Supreme Court properly denied that branch of their cross-motion which was for leave to renew their opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference.
However, the Supreme Court erred in granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, since the plaintiff failed to establish that it complied with RPAPL 1304. Contrary to the plaintiff's contention, "failure to comply with RPAPL 1304 is a defense that may be raised at any time prior to the entry of judgment of foreclosure and sale" (U.S. Bank N.A. v Krakoff, 199 AD3d 859, 862; see Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 837), and thus, the defendants properly raised it in opposition to the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see id. § 1304[2]).
Here, the plaintiff failed to establish that it complied with the requirements of RPAPL 1304. The affidavit of Brittany Wilson, an officer of Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the servicing agent of the plaintiff, was insufficient to establish that the plaintiff complied [*3]with RPAPL 1304. While Wilson attested that she was familiar with Wells Fargo's records and record-keeping practices and that the plaintiff complied with RPAPL 1304 by mailing the required notices, which were attached to her affidavit, she failed to attest that she personally mailed the notices or that she was familiar with the mailing practices and procedures of Wells Fargo. Therefore, the plaintiff "failed to establish proof of standard office practice and procedures designed to ensure that items are properly addressed and mailed" (U.S. Bank N.A. v Krakoff, 199 AD3d at 863).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court