JPMorgan Chase Bank, N.A. v Bonilla (2024 NY Slip Op 02527)

JPMorgan Chase Bank, N.A. v Bonilla

2024 NY Slip Op 02527

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2018-06354
 (Index No. 70618/14)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Joaquin Bonilla, et al., appellants.

Joaquin Bonilla, Medford, NY, appellant pro se.
Madeline Rivera, named herein as Madelin Rivera, Medford, NY, appellant pro se.
Parker Ibrahim & Berg, LLP, New York, NY (Diane C. Ragosa of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants separately appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (John H. Rouse, J.), dated April 3, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated August 1, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference, and an order of the same court dated November 30, 2017, among other things, granting those branches of the plaintiff's motion which were, in effect, to strike the defendants' answers and affirmative defenses, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with one bill of costs, those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference are denied, those branches of the plaintiff's motion which were, in effect, to strike the defendants' answers and affirmative defenses are denied, the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale is denied, and the orders dated August 1, 2017, and November 30, 2017, are modified accordingly.
On October 14, 2005, the defendant Joaquin Bonilla executed a note in the principal sum of $277,500. The note was secured by a mortgage executed by Bonilla and the defendant Madelin Rivera on certain real property located in Medford.
In December 2014, the plaintiff commenced this action to foreclose the mortgage. The defendants interposed answers, asserting several affirmative defenses, including the plaintiff's failure to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. In an order dated August 1, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. Subsequently, the plaintiff moved, inter alia, in effect, to strike the defendants' answers and affirmative defenses. By order dated November 30, 2017, the court, among other things, granted those branches of the plaintiff's motion.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated April 3, 2018, the Supreme Court, among other things, granted the plaintiff's motion and directed the sale of the subject property. The defendants separately appeal.
"'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d 1030, 1032, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "'The statute requires that such notice . . . be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower'" (Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d at 1032, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016 [internal quotation marks omitted]; see RPAPL 1304[2]). Compliance with these requirements can be "'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d at 1032, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21 [internal quotation marks omitted]; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556).
Here, in an attempt to establish that it properly served the defendants pursuant to RPAPL 1304, the plaintiff submitted, inter alia, an affidavit, entitled an "Affidavit of Mailing," signed by James A. Ranaldi, an "Authorized Signer" employed by the plaintiff. "Ranaldi, however, did not attest to personal knowledge of the actual mailings. Nor did he state that he had personal knowledge 'of a standard office mailing procedure designed to ensure that items are properly addressed and mailed'" (Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d at 1032-1033, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Although Ranaldi asserted, based upon his review of business records associated with the subject loan, that a 90-day pre-foreclosure notice was sent by first-class mail and certified mail under the exclusive care and custody of the United States Postal Service and addressed to each of the defendants at the subject property, "'it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d at 1033, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). "[N]one of the documents, considered individually or together, including the copies of the notice letters themselves," provided sufficient information as to whether the 90-day notice was sent to the defendants by regular first-class mail and certified mail (Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d at 1033; see U.S. Bank N.A. v 22-23 Brookhaven, Inc., 219 AD3d 657, 665). Without business records proving the matter asserted, Ranaldi's "unsubstantiated and conclusory" statement, by itself, was insufficient to establish that the RPAPL 1304 notice was mailed to the defendants by first-class mail and certified mail (Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d at 1033 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Moran, 168 AD3d 1128, 1129).
Since the plaintiff failed to make a prima facie showing of its entitlement to judgment as a matter of law, that branch of the plaintiff's motion which was for summary judgment on the complaint should have been denied regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also erred in granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, since the plaintiff failed to establish that it complied with RPAPL 1304 (see U.S. Bank N.A. v Valencia, 219 AD3d 890, 892).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court