U.S. Bank N.A. v Valencia (2026 NY Slip Op 00540)

U.S. Bank N.A. v Valencia

2026 NY Slip Op 00540

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-03841
 (Index No. 725933/21)

[*1]U.S. Bank National Association, etc., respondent,
vEmma Valencia, etc., et al., appellants, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellants.
LOGS Legal Group, Rochester, NY (Virginia C. Grapensteter of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Emma Valencia and Hugo Valencia appeal from an order of the Supreme Court, Queens County (Lance Evans, J.), entered December 19, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, which had been granted in an order of the same court (Rudolph E. Greco, J.) dated November 8, 2017, and for leave to renew their opposition to the plaintiff's prior motion to confirm a referee's report and for a judgment of foreclosure and sale, which had been granted in an order and judgment of foreclosure and sale (one paper) of the same court (Mojgan Cohanim Lancman, J.) entered June 7, 2019.
ORDERED that the order entered December 19, 2023, is affirmed insofar as appealed from, with costs.
On October 31, 2006, the defendants Emma Valencia and Hugo Valencia (hereinafter together the defendants) executed a note in the sum of $604,000. The loan was secured by a mortgage on certain real property located in Queens. In December 2013, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated November 8, 2017 (hereinafter the November 2017 order), the Supreme Court, among other things, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved, inter alia, in effect, for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference. In an order and judgment of foreclosure and sale entered June 7, 2019, the Supreme Court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of [*2]foreclosure and sale, denied that branch of the defendants' cross-motion which was, in effect, for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, confirmed the referee's report, and directed the sale of the property. The defendants appealed from the order and judgment of foreclosure and sale. In a decision and order dated August 30, 2023, this Court, inter alia, modified the order and judgment of foreclosure and sale so as to deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, determining that the plaintiff failed to demonstrate that it had complied with RPAPL 1304 (see U.S. Bank N.A. v Valencia, 219 AD3d 890, 893).
While the appeal was pending, the defendants moved, among other things, for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference and the plaintiff's prior motion to confirm the referee's report and for a judgment of foreclosure and sale based upon the plaintiff's failure to comply with RPAPL 1304. In an order entered December 19, 2023, the Supreme Court, inter alia, denied those branches of the defendants' motion. The defendants appeal.
On appeal, the defendants contend that the Supreme Court should have granted those branches of their motion which were for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference and their opposition to the plaintiff's prior motion to confirm the referee's report and for a judgment of foreclosure and sale, since they established that there had been a change in the law such that the plaintiff was not entitled to summary judgment on the complaint insofar as asserted against them due to the plaintiff's failure to comply with RPAPL 1304 (see CPLR 2221[e][2]; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 131). However, the defendants' contentions have been rendered academic given this Court's determination in the prior appeal that the plaintiff failed to demonstrate its compliance with RPAPL 1304 (see U.S. Bank N.A. v Valencia, 219 AD3d at 893; see also Shkreli v Shkreli, 214 AD3d 686, 689; Matter of Colon v Annucci, 151 AD3d 1061, 1062).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court