Charles Schwab Bank v Winitch (2020 NY Slip Op 00564)





Charles Schwab Bank v Winitch


2020 NY Slip Op 00564


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-13399
2019-11121
 (Index No. 51485/17)

[*1]Charles Schwab Bank, respondent, 
v
Charles B. Winitch, et al., appellants, et al., defendants.


Zimmerman Law, P.C., Huntington Station, NY (Naomi Trainer of counsel), for appellants.
Stern & Einsenberg, P.C., Depew, NY (Margaret J. Cascino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Charles B. Winitch and Janet B. Winitch appeal from (1) an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated July 10, 2018, and (2) a judgment of foreclosure and sale of the same court dated August 20, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Charles B. Winitch and Janet B. Winitch, to strike their answer, and for an order of reference, and denied those defendants' cross motion to dismiss the complaint insofar as asserted against them based on the plaintiff's failure to comply with the notice requirements of RPAPL 1304. The judgment of foreclosure and sale, upon the order, inter alia, directed the foreclosure sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action against the defendants Charles B. Winitch and Janet B. Winitch (hereinafter together the defendants), among others, seeking to foreclose a credit line mortgage on certain real property in Scarsdale. The defendants interposed an answer asserting various affirmative defenses and raising counterclaims. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion and cross-moved, inter alia, to dismiss the complaint insofar as asserted against them for failure to comply with the notice [*2]requirements of RPAPL 1304. The plaintiff opposed the cross motion. By order dated July 10, 2018, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. A judgment of foreclosure and sale was thereafter entered upon the order. The defendants appeal.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Wells Fargo Bank, N.A. v Taylor, 170 AD3d 921, 922; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860). The statute requires that such notice be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (RPAPL 1304[2]), if different from that of the borrower.
Here, the plaintiff established, prima facie, its strict compliance with RPAPL 1304 with respect to Charles B. Winitch (hereinafter Charles) by submitting the "Affidavit of Mailing of 90-Day Notice Pursuant to RPAPL § 1304," sworn to by JaLisa Claiborne, a communication specialist employed by the plaintiff's loan servicer. Based on her personal knowledge, Claiborne attested that, on September 13, 2016, she mailed, by both first-class and certified mail, and in separate envelopes, the requisite 90-day notice to Charles, at the subject property in Scarsdale. Contrary to the defendants' contention, Claiborne's affidavit was sufficient to demonstrate prima facie compliance with RPAPL 1304 as to Charles (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21). Charles's bare denial of receipt of the RPAPL 1304 notice was insufficient to raise a triable issue of fact in opposition to the plaintiff's prima facie showing (see Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786), let alone to establish his own prima facie case in support of his cross motion to dismiss the complaint (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 23-24).
By contrast, Claiborne's affidavit did not attest to mailing the RPAPL 1304 notice to Janet B. Winitch (hereinafter Janet), nor did the plaintiff submit any other evidentiary proof in admissible form sufficient to establish, prima facie, strict compliance with RPAPL 1304 as to Janet (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). However, the plaintiff contends that Janet was not entitled to receive notice pursuant to RPAPL 1304 since she is not the named borrower under the Home Equity Credit Line Agreement (hereinafter HECLA), which was executed by Charles only. Under the circumstances presented, we agree.
As a "mortgagor" under the subject credit line mortgage, Janet was entitled by law to the notice required by RPAPL 1303, which must be served with the summons and complaint (RPAPL 1303[1][a]; [2]), and no challenge is made in this case to the sufficiency of the RPAPL 1303 notice, which was personally served on Janet on February 13, 2017.
Unlike RPAPL 1303, RPAPL 1304 refers specifically to the "borrower"—not the "mortgagor." Here, the subject credit line mortgage, which was signed by both Charles and Janet, as mortgagors, contained the following provision: "If Mortgagor signs this Security Instrument but does not sign an evidence of debt, Mortgagor does so only to mortgage Mortgagor's interest in the Property to secure payment of the Secured Debt and Mortgagor does not agree to be personally liable on the Secured Debt." Under these circumstances, Janet cannot be deemed a "borrower" for the purpose of RPAPL 1304, since she did not sign the HECLA, and the credit line mortgage otherwise makes clear that she is only a mortgagor, not a borrower (cf. Bank of New York Mellon v Forman, 176 AD3d 663, 666 [individual referred to as a "borrower" in the mortgage instrument is entitled to notice under RPAPL 1304]), and is not personally liable for the debt evidenced by the HECLA; she merely gave her consent to mortgage her interest in the property as security for Charles's debt. The cases relied upon by the defendants are distinguishable on their facts (see Aurora Loan Servs., LLC v Komarovsky, 151 AD3d 924, 928; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 105).
In light of our determination, we need not consider the defendants' remaining contentions.
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court