HSBC Bank USA, N.A. v DiBenedetti (2022 NY Slip Op 02983)





HSBC Bank USA, N.A. v DiBenedetti


2022 NY Slip Op 02983


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2019-10054
 (Index No. 61153/14)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Denis DiBenedetti, et al., appellants, et al., defendants. John J. Caracciolo, East Northport, NY, for appellants.


Shapiro, DiCaro & Barak, LLC (Reed Smith, LLP, New York, NY [Andrew B. Messite and Joseph S. Jacobs], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Denis DiBenedetti and Cheryl DiBenedetti appeal from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), entered July 26, 2019. The judgment of foreclosure and sale, upon an order of the same court dated January 30, 2018, inter alia, granting that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendants Denis DiBenedetti and Cheryl DiBenedetti, to strike their answer, and for an order of reference, which had been denied in an order of the same court dated February 7, 2017, and, upon renewal, in effect, vacated the determination in the order dated February 7, 2017, denying those branches of the prior motion, and thereupon granted those branches of the prior motion, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, so much of the order dated January 30, 2018, as, upon renewal, in effect, vacated the determination in the order dated February 7, 2017, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants Denis DiBenedetti and Cheryl DiBenedetti, to strike their answer, and for an order of reference, and thereupon granted those branches of the prior motion is vacated, and, upon renewal, the determination in the order dated February 7, 2017, denying those branches of the plaintiff's prior motion is adhered to.
In February 2007, the defendant Cheryl DiBenedetti executed a note in the amount of $903,000 in favor of nonparty Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The note was secured by a mortgage on certain real property located in Suffolk County. The mortgage was signed by both Cheryl DiBenedetti and the defendant Denis DiBenedetti (hereinafter together the defendants). Denis DiBenedetti was identified as a "borrower" on both the first page of the mortgage, and below his signature. In February 2014, the plaintiff, the successor in interest to Wells Fargo, commenced the instant action to foreclose the mortgage against the defendants, among others. In their answer, the defendants alleged that the plaintiff failed to comply with the notice requirements of RPAPL article 13.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an order dated February 7, 2017, the Supreme Court, among other things, denied those branches of the plaintiff's motion, finding that the plaintiff failed to establish that it complied with RPAPL 1304.
In September 2017, the plaintiff moved, inter alia, for leave to renew those branches of its prior motion. In support of that branch of the motion which was for leave to renew, the plaintiff submitted a copy of the 90-day notice sent to the defendants pursuant to RPAPL 1304. The notice, which was addressed to both Cheryl DiBenedetti and Denis DiBenedetti, stated, among other things, that "[t]his communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt and, this company has a security interest in the property and will only exercise its rights as against the property."
In an order dated January 30, 2018, the Supreme Court granted that branch of the plaintiff's motion which was for leave to renew and, upon renewal, in effect, vacated the determination in the order dated February 7, 2017, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and thereupon granted those branches of the plaintiff's prior motion. In a judgment of foreclosure and sale entered July 26, 2019, the court, among other things, confirmed the referee's report and directed the sale of the subject property. The defendants appeal.
The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference (see Citimortgage, Inc. v Espinal, 136 AD3d 857, 858).
Upon renewal, however, the Supreme Court should have adhered to its determination in the order dated February 7, 2017, denying those branches of the plaintiff's prior motion. Initially, contrary to the plaintiff's contention, although Denis DiBenedetti did not sign the note, he is considered a "borrower" within the meaning of RPAPL 1304 because he was identified as such, both on the first page of the mortgage and beneath his signature (see Bank of N.Y. Mellon v Forman, 176 AD3d 663, 665; cf. Charles Schwab Bank v Winitch, 179 AD3d 1003, 1006). Thus, the notice requirements of RPAPL 1304 apply to Denis DiBenedetti.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(2) states that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice."
Here, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304, since additional material was sent in the same envelope as the 90-day notice required by RPAPL 1304 (see Bank of Am., N.A. v Kessler, 202 AD3d 10), and a single notice was jointly addressed to both defendants (see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 134). Thus, upon renewal, the Supreme Court should have adhered to its determination in the order dated February 7, 2017, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
In view of the foregoing, we need not reach the defendants' remaining contentions in support of reversal. Moreover, there has been no specific request from the defendants that this Court search the record and award them summary judgment dismissing the complaint insofar as [*2]asserted against them, and, in any event, we decline to do so.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court