Emigrant Bank v Carrera (2022 NY Slip Op 04950)

Emigrant Bank v Carrera

2022 NY Slip Op 04950

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-00323
 (Index No. 2813/14)

[*1]Emigrant Bank, etc., respondent, 
v
Bertha Carrera, et al., appellants, et al., defendants.

The Law Firm of Ravi Batra, P.C., New York, NY (Todd B. Sherman of counsel), for appellants.
Borchert & LaSpina,, P.C., Whitestone, NY (Edward A. Vincent, Robert W. Frommer, and Jason Sackoor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Bertha Carrera, Miguel Rojas, Bertha Rojas, and Woodhill Funding, LLC, appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 21, 2018. The order, insofar as appealed from, upon reargument and renewal, adhered to a prior determination in an order of the same court dated November 22, 2017, granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Bertha Carrera, Miguel Rojas, Bertha Rojas, and Woodhill Funding, LLC, and for an order of reference, and denying the cross motion of those defendants, inter alia, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order dated September 21, 2018, is affirmed insofar as appealed from, with costs.
In September 2007, the defendant Bertha Carrera executed a note in the amount of $715,000 in favor of Emigrant Mortgage Company, Inc. (hereinafter Emigrant Mortgage). The note was secured by a mortgage on certain real property located in Brooklyn (hereinafter the mortgaged premises), and the mortgage was executed by Carrera and the defendants Miguel Rojas and Bertha Rojas (hereinafter collectively the borrowers). The borrowers allegedly defaulted by failing to make the payment due on April 1, 2009, and all payments thereafter. In 2009, Emigrant Mortgage commenced an action to foreclose the mortgage against, among others, the borrowers, but voluntarily discontinued that action without prejudice (hereinafter the prior foreclosure action) (see Emigrant Mtge. Co., Inc. v Carrera, 126 AD3d 853). By deed dated June 28, 2013, the borrowers conveyed the mortgaged premises to the defendant Woodhill Funding, LLC (hereinafter Woodhill).
In February 2014, the plaintiff commenced this action to foreclose the mortgage against the borrowers and Woodhill (hereinafter collectively the defendants), among others. The defendants interposed an answer asserting various affirmative defenses, including that the plaintiff failed to strictly comply with RPAPL 1304. Thereafter, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending, among other things, that the plaintiff failed [*2]to strictly comply with RPAPL 1304. In an order dated November 22, 2017, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion.
Thereafter, the defendants moved for leave to reargue and renew their opposition to the plaintiff's motion and their cross motion. In an order dated September 21, 2018, the Supreme Court granted the defendants' leave to reargue and renew and adhered to the prior determination granting the plaintiff's motion and denying the defendants' cross motion. The defendants appeal.
The Supreme Court, upon reargument and renewal, properly adhered to the prior determination granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and denying the defendants' cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d 1030, 1032). The statute requires that such notice be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (RPAPL 1304[2]), if different from that of the borrower (see Charles Schwab Bank v Winitch, 179 AD3d 1003, 1004).
Here, the plaintiff established its strict compliance with RPAPL 1304 with respect to the borrowers. Service of notice pursuant to RPAPL 1304 may be established "through either an affidavit of service, other proof of mailing . . . , or evidence of a standard office mailing procedure" (Deutsche Bank Natl. Trust Co. v Blackman, 203 AD3d 698, 700 [emphasis added]). Since the plaintiff submitted affidavits of service from a person who attested that on May 16, 2013, he mailed, by both first-class and certified mail, and in separate envelopes, the requisite notices to the borrowers, proof of a mailing procedure was not necessary (see Charles Schwab Bank v Winitch, 179 AD3d at 1005; cf. Central Mtge. Co. v Canas, 173 AD3d 967, 969). Contrary to the defendants' contention, service was properly made on the borrowers by Emigrant Mortgage, the original lender and agent and servicer for the plaintiff (see RPAPL 1304[1], [2]; see generally Bank of Am., N.A. v Bloom, 202 AD3d 736, 738; Wells Fargo Bank, N.A. v Benitez, 194 AD3d 986, 987).
Contrary to the defendants' further contention, the plaintiff established, prima facie, that the mortgaged premises was the borrowers' "last known address" (RPAPL 1304[2]; see Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 852-853). Carrera's loan application indicated that she owned both the mortgaged premises and another property in Howard Beach at the same time and listed the mortgaged premises as her residence. The mortgage listed the mortgaged premises as the address of Miguel Rojas and Bertha Rojas.
In opposition, the defendants failed to raise a triable issue of fact. The defendants failed to submit affidavits from a person with personal knowledge of the borrowers' addresses during the relevant time period. The defendants also failed to submit any evidence indicating that the borrowers notified the plaintiff of any change of address, as required by paragraph 15 of the mortgage (see Wells Fargo Bank, N.A. v Tricario, 180 AD3d at 853). Although the defendants submitted evidence that the borrowers were served with the summons and complaint in this action and the prior foreclosure action at different addresses, the "last known address" of a party is "not necessarily" the last known residence of that party (Matter of Saralloyd CC. v Mitchel DD., 197 AD2d 304, 308).
The defendants' remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court