Deutsche Bank Trust Co. Ams. v Zzoha (2025 NY Slip Op 03793)

Deutsche Bank Trust Co. Ams. v Zzoha

2025 NY Slip Op 03793

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-08909
 (Index No. 705727/16)

[*1]Deutsche Bank Trust Company Americas, etc., appellant, 
v
Shamsu Zzoha, et al., defendants, Jahanara Lucy, respondent.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.
Carl E. Person, New York, NY, for respondent and defendant Shamsu Zzoha.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered June 8, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against all the defendants except the defendant Shamsu Zzoha and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for leave to enter a default judgment against all the defendants except the defendant Shamsu Zzoha and for an order of reference are granted.
On July 20, 2007, the defendants Shamsu Zzoha and Jahanara Lucy entered into a co-ownership agreement with the defendant 2004-0000247, LLC (hereinafter the LLC), in which Zzoha, Lucy, and the LLC agreed to purchase certain real property located in Queens as tenants in common. To purchase the property, Zzoha and Lucy contributed the sum of $190,000 and the LLC contributed the sum of $600,000. Pursuant to the co-ownership agreement, Zzoha and Lucy agreed to purchase the interest of the LLC pursuant to a schedule of payments. That same day, Zzoha executed an "Obligation to Pay" whereby he promised to pay the LLC the $600,000 it contributed toward the purchase of the property, pursuant to the payment schedule. Lucy did not sign the Obligation to Pay. Also on the same day, Zzoha and Lucy executed a mortgage in which they pledged their interest in the property as security for the Obligation to Pay.
Zzoha allegedly defaulted under the terms of the Obligation to Pay and the mortgage by failing to make the monthly payment due on November 1, 2009, and subsequent payments due thereafter. In May 2016, the plaintiff commenced this action against, among others, Zzoha and Lucy to foreclose the mortgage. In March 2017, Zzoha and Lucy moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them. In an order dated November 21, 2017, the Supreme Court, among other things, granted that branch of the motion which was to dismiss the complaint insofar as asserted against Zzoha, but not insofar as asserted against Lucy.
In September 2022, the plaintiff moved, inter alia, for leave to enter a default judgment against all the defendants except Zzoha and for an order of reference. Lucy opposed the [*2]motion. In an order entered June 8, 2023, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
The Supreme Court erroneously denied those branches of the plaintiff's motion which were for leave to enter a default judgment against all the defendants except Zzoha and for an order of reference on the basis that Lucy did not execute the Obligation to Pay. A party who is not an obligor on a note but is a signatory on the corresponding mortgage, while not personally liable for the debt, is a mortgagor and has agreed to mortgage his or her interest in the property as security for the debt (see Charles Schwab Bank v Winitch, 179 AD3d 1003, 1005-1006). Here, although Lucy did not execute the Obligation to Pay and is not personally liable for the payment obligation, she executed the mortgage whereby she pledged her interest in the property as security for the obligations set forth in the co-ownership agreement and the Obligation to Pay, and thus, Lucy's interest in the property is subject to foreclosure (see id.).
Contrary to Lucy's contention, the plaintiff did not improperly raise for the first time on appeal the issue of Lucy's waiver of a defense based on the plaintiff's alleged failure to comply with a contractual condition (see Citibank, N.A. v Kerszko, 203 AD3d 42, 47-48). Additionally, because Lucy is in default for failing to answer the complaint, she is precluded from raising any such nonjurisdictional defense, absent vacatur of her default (see Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157; see also CPLR 3015[a]). 
Accordingly, the Supreme Court erred in denying those branches of the plaintiff's motion which were for leave to enter a default judgment against all the defendants except Zzoha and for an order of reference.
The parties' remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court