HSBC Bank USA, N.A. v Shah (2020 NY Slip Op 03899)





HSBC Bank USA, N.A. v Shah


2020 NY Slip Op 03899


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
PAUL WOOTEN, JJ.


2018-10198
2018-10200
 (Index No. 605159/17)

[*1]HSBC Bank USA, N.A., respondent,
v
Darshan R. Shah, etc., appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Phillips Lytle LLP, Buffalo, NY (Sean C. McPhee of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Darshan R. Shah appeals from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated June 6, 2018, and (2) an order of the same court also dated June 6, 2018. The first order dated June 6, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Darshan R. Shah and for an order of reference, and denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him. The second order dated June 6, 2018, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Darshan R. Shah and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order dated June 6, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the second order dated June 6, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
On July 3, 2003, nonparty Bhadra R. Shah (hereinafter the decedent) executed and delivered to nonparty HSBC Mortgage Corporation (USA) a home equity line mortgage on certain real property located in Huntington to secure a home equity line of credit agreement in the amount of $100,000. On December 24, 2003, the decedent executed an amendment to the home equity line agreement increasing the credit line to $350,000 and concurrently executed a supplemental home equity line of credit mortgage. The mortgage was assigned to the plaintiff by assignment of mortgage dated July 28, 2012. The decedent died on November 18, 2014, and letters testamentary were issued to the defendant Darshan R. Shah (hereianfter the defendant), as the executor of the decedent's estate, in October 2016.
The decedent allegedly defaulted under the terms of the mortgage when she failed to make payments due beginning March 11, 2012. In March 2017, the plaintiff commenced the instant [*2]action to foreclose the mortgage against the defendant in his capacity as executor of the decedent's estate. Following discovery, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. The defendant argued, inter alia, that the plaintiff failed to demonstrate strict compliance with the 90-day notice provision of RPAPL 1304.
By order dated June 6, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The same day, the court issued another order granting the plaintiff's motion and appointing a referee to compute the amount due to the plaintiff. The defendant appeals from both orders.
"Where a loan is a home loan for the borrower's principal residence, the mortgage creditor contemplating a mortgage foreclosure action is required, pursuant to RPAPL 1304, to serve the borrower with notice of his or her default in a specified form at least 90 days prior to the commencement of the action" (Bank of N.Y. Mellon v Forman, 176 AD3d 663, 665). Here, we agree with the Supreme Court that, under the circumstances of this case, the defendant was not a "borrower" for purposes of RPAPL 1304. The defendant did not sign the subject home equity line mortgage, the home equity line agreement, or the amendments to those agreements, and is not named a "borrower" on the mortgage instrument. The decedent is the sole signatory on those documents (see Charles Schwab Bank v Winitch, 179 AD3d 1003, 1005-1006; Federal Natl. Mtge. Assn. v Johnson, 177 AD3d 1149, 1151; cf. Bank of N.Y. Mellon v Forman, 176 AD3d at 665). Accordingly, we agree with the court's determination that RPAPL 1304 is inapplicable to the instant case.
The defendant's remaining contention is without merit.
DILLON, J.P., BALKIN, COHEN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court