HSBC Bank USA, N.A. v Desir (2020 NY Slip Op 06248)





HSBC Bank USA, N.A. v Desir


2020 NY Slip Op 06248


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-11211
2018-11212
 (Index No. 512116/14)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Roseluce Desir, appellant, et al., defendants.


Law Offices of Bruce Richardson P.C., New York, NY, for appellant.
Hogan Lovells US LLP (Reed Smith LLP, New York, NY [Brenda Beauchamp Ward and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Roseluce Desir appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated June 18, 2018. The first order granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Roseluce Desir and for an order of reference. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the first order dated June 18, 2018, is affirmed; and it is further,
ORDERED that the second order dated June 18, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In November 2006, the defendant Roseluce Desir (hereinafter the defendant) executed a note in the sum of $343,200, which was secured by a mortgage on real property in Brooklyn. In December 2014, the plaintiff commenced this mortgage foreclosure action, alleging that the defendant had defaulted on the payment obligations of the note. The note, which was endorsed in blank, was annexed to the complaint. The defendant interposed an answer asserting, among other things, various affirmative defenses, including lack of standing.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In support of its motion, the plaintiff submitted, among other things, a copy of the complaint with the attached note, and an affidavit of Shae Smith, a vice president of loan documentation for Wells Fargo Bank, N.A., the plaintiff's loan servicer. The defendant opposed the motion, arguing, inter alia, that Smith's affidavit was insufficient to establish that the plaintiff had possession of the note at the time the action was commenced. In an order dated June 18, 2018, the Supreme Court granted those branches of the [*2]plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In a second order also dated June 18, 2018, the court, among other things, granted the same relief and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals from both orders.
We agree with the Supreme Court's conclusion that the plaintiff established, prima facie, that it had standing to commence this action by submitting in support of its motion a copy of the note, endorsed in blank, that was annexed to the complaint at the time the action was commenced (see Bank of N.Y. Mellon v Viola, 181 AD3d 767; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241). In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, "'[w]here the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date'" (U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452, quoting U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091).
The defendant's remaining contention, raised for the first time on appeal, is not properly before this Court.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and appointing a referee to ascertain and compute the amount due to the plaintiff.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court