JPMorgan Chase Bank, N.A. v Gold (2020 NY Slip Op 06765)





JPMorgan Chase Bank, N.A. v Gold


2020 NY Slip Op 06765


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-07102
 (Index No. 7142/13)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Anne Gold, et al., appellants, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Anne Gold and Glenn Gold appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 16, 2018. The order granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Anne Gold and Glenn Gold and for an order of reference and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Anne Gold and Glenn Gold and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to foreclose a consolidated mortgage on premises owned by the defendants Anne Gold and Glenn Gold (hereinafter together the defendants) in East Williston. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them, arguing, among other things, that the plaintiff failed to establish strict compliance with RPAPL 1304 and 1306, and failed to establish that it served a notice of default in accordance with the terms of the mortgage. In an order entered January 16, 2018, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and an order of reference and denied the defendants' cross motion. The defendants appeal.
"'[P]roper service of RPAPL 1304 notice on the borrower . . . is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action" (Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882). RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . [*2]including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (U.S. Bank N.A. v Ahmed, 174 AD3d 661, 663; see RPAPL 1304[2]). "'Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank, N.A. v Ahmed, 174 AD3d at 663, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304 (see Citimortgage, Inc. v Succes, 170 AD3d 946, 947-948; Fifth Third Mtge. Co. v Seminario, 168 AD3d 1041, 1042-1043). The plaintiff's submission of an affidavit of an employee of its loan servicer was not sufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304. The affiant did not aver that she had personal knowledge of the purported mailings or that she was familiar with the mailing practices and procedures of the plaintiff (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; Fifth Third Mtge. Co. v Seminario, 168 AD3d at 1042-1043; Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829, 832; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 493). Further, the plaintiff failed to establish proof of mailing through admissible business records (see CPLR 4518[a]), as the affiant failed to identify or attach the relevant business records evincing that the notices were actually mailed by both certified and first-class mail (see Nationstar Mtge., LLC v Tamargo, 177 AD3d 750, 753; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206).
The plaintiff similarly failed to establish, prima facie, that the required notice of default was mailed by first-class mail to the defendants in accordance with the terms of the consolidated mortgage (see U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012; U.S. Bank N.A. v Ahmed, 174 AD3d at 663).
Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and an order of reference should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). In light of our determination, the defendants' contention that the plaintiff failed to establish compliance with RPAPL 1306 is academic.
However, we agree with the Supreme Court's determination denying the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The defendants' bare denials of receipt of the notices of default and the RPAPL 1304 notices were insufficient to meet their burden (see Federal Natl. Mtge. Assn. v Davis, 180 AD3d 1004; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 23-24). The defendants also failed to demonstrate, prima facie, that the plaintiff did not comply with RPAPL 1306 (see Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 838). Accordingly, the defendants' cross motion was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The defendants' remaining contention is without merit.
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court