Wells Fargo Bank, N.A. v Shields (2022 NY Slip Op 00462)





Wells Fargo Bank, N.A. v Shields


2022 NY Slip Op 00462


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2019-04268
 (Index No. 1048/14)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Neishanette Shields, et al., appellants, et al., defendants.


Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Gross Polowy, LLC, (Reed Smith, LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Neishanette Shields and Heather Ortiz appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 29, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Neishanette Shields and Heather Ortiz and for an order of reference are denied.
On June 30, 2010, Neishanette Shields and Heather Ortiz (hereinafter together the defendants) executed a note whereby they promised to repay the sum of $542,691. As collateral security for the note, the defendants executed a mortgage encumbering certain real property. On or about July 28, 2011, the mortgage was assigned to the plaintiff. The plaintiff commenced this action to foreclose the mortgage by summons and complaint dated January 7, 2014. The complaint alleged that the defendants failed to make the payment that was due on January 1, 2011, and subsequent payments thereafter.
The plaintiff moved, inter alia for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the plaintiff's motion. By order dated January 29, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendants appeal.
"[I]n a residential [mortgage] foreclosure action, a plaintiff moving for summary judgment must tender sufficient evidence demonstrating . . . its strict compliance with RPAPL 1304" (Everbank v Greisman, 180 AD3d 758, 759 [internal quotation marks omitted]). RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute requires that the [*2]notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (AXIOM Bank v Dutan, 190 AD3d 672, 674; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20).
"A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 759, quoting Citigroup v Kopelowitz, 147 AD3d 1014, 1015).
Here, the plaintiff failed to demonstrate, prima facie, that it strictly complied with RPAPL 1304. The plaintiff relied primarily on an affidavit from Sherri W. McManus, its vice president of loan documentation. While McManus did not state in the affidavit that she was charged with actually mailing the notices, her affidavit purported to establish that the plaintiff's office mailing procedure was designed to ensure that items are properly addressed and mailed. "Evidence of an established and regularly followed office procedure may give rise to a rebuttable presumption that such a notification was mailed to and received by [the intended recipient]" (CIT Bank N.A. v Schiffman, 36 NY3d 550, 556 [internal quotation marks and citation omitted]; see Matter of Gonzalez [Ross], 47 NY2d 922, 923; Preferred Mut. Ins. Co. v Donnelly, 22 NY3d 1169, 1170). "[I]n order for the presumption to arise, [the] office practice must be geared so as to ensure the likelihood that [the] notice . . . is always properly addressed and mailed" (CIT Bank N.A. v Schiffman, 36 NY3d at 556, quoting Nassau Ins. Co. v Murray, 46 NY2d 828, 830).
In her affidavit, McManus stated that "in accordance with Wells Fargo's standard business practice and procedure and in compliance with RPAPL 1304," a notice was mailed to the defendants by certified and first-class mail. McManus made this representation based on her "personal knowledge of Wells Fargo's record keeping practices and procedures," and familiarity with "Wells Fargo's standard practices and procedures used to create, mail and store data regarding the 90 day pre-foreclosure notice . . . that are designed to ensure that these letters are properly addressed, mailed and that data reflecting those events is stored in Wells Fargo's business records." Although the affidavit, on its face, details an established and regularly followed office procedure, the evidence annexed thereto and relied upon by McManus does not demonstrate compliance with RPAPL 1304 and therefore does not give rise to a presumption that the notices were "mailed to and received by the intended recipients." When viewing the affidavit with the evidence relied upon, it is unreasonable to presume that the notice was properly mailed.
Annexed to the McManus affidavit is a copy of the notice, dated August 7, 2013, addressed to both of the defendants at the subject property's address. This letter indicates that it was sent to the defendants by "first class mail and certified mail." The plaintiff further provided a copy of a window envelope. Although the envelope has "Wells Fargo Home Mortgage" printed on it, there is no visible sender address. The envelope has the name "Shields" hand-written in the top right corner. The envelope is further marked "return to sender illegible unable to forward" by the United States Post Office. The plaintiff also provided a copy of a certified mail return receipt card addressed to both of the defendants at the subject property's address. This card is neither signed by a recipient nor postmarked. In addition, the plaintiff provided a certified manifest demonstrating proof of filing pursuant to RPAPL 1306, which only refers to a purported mailing to Shields. Therefore, the plaintiff failed to eliminate questions of fact as to whether notices were sent to both defendants in compliance with RPAPL 1304, and whether the notices were received.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the [*3]defendants and for an order of reference, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Heartwood 2, LLC v DeBrosse, 197 AD3d 1152).
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court