Deutsche Bank Natl. Trust Co. v Blackman (2022 NY Slip Op 01289)





Deutsche Bank Natl. Trust Co. v Blackman


2022 NY Slip Op 01289


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-14326
 (Index No. 501198/16)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Jean Blackman, appellant, et al., defendants.


Law Office of Paul R. Kenney, LLC, New York, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold Kofman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jean Blackman appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 24, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jean Blackman and for an order of reference, and denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jean Blackman and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Jean Blackman.
On June 15, 2004, the defendant Jean Blackman (hereinafter the defendant) executed a note, promising to repay a loan in the sum of $243,000, which was secured by a mortgage on real property located in Brooklyn. The mortgage was subsequently assigned to the plaintiff.
In 2016, the plaintiff commenced this foreclosure action. The defendant answered the complaint, asserting several affirmative defenses, including that the plaintiff lacked standing. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her based on the plaintiff's lack of standing, as well as its failure to comply with RPAPL 1303 and 1304. In an order dated October 24, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross motion. The defendant appeals.
Contrary to the defendant's contention, by annexing to the complaint a copy of the note, endorsed to the plaintiff, the plaintiff established, prima facie, that "it had physical possession of the note when it commenced the action" (U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1090-1091; [*2]see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726), and thus, that it had standing to foreclose. "Further, where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (U.S. Bank N.A. v Fisher, 169 AD3d at 1091 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 863; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 644, 645). In opposition, the defendant's submissions failed to raise a triable issue of fact.
The plaintiff also established, prima facie, its compliance with RPAPL 1303 by submitting an affidavit of service establishing proper service upon the defendant of the notice required by the statute. The defendant's bare and unsubstantiated denial of receipt of the notice was insufficient to rebut the presumption of proper service created by the affidavit of service (see Nationstar Mtge., LLC v Kamil, 155 AD3d 968, 968).
Nevertheless, the plaintiff failed to demonstrate, prima facie, that the requirements of RPAPL 1304 do not apply to the subject loan (see Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178), or, alternatively, that it strictly complied with RPAPL 1304. Although the plaintiff submitted copies of the 90-day notices purportedly sent to the defendant, the plaintiff failed to demonstrate, prima facie, that the notices were actually mailed, through either an affidavit of service, other proof of mailing by the United States Postal Service, or evidence of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see U.S. Bank N.A. v Hammer, 192 AD3d 846, 847-848; U.S. Bank N.A. v Moulton, 179 AD3d 734, 739; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). The assertion in an affidavit of an employee of the plaintiff's loan servicer that the 90-day notices were sent in accordance with RPAPL 1304 was insufficient to establish that the notices were actually mailed to Blackman by first-class and certified mail. The affiant based his assertions upon his review of records which were created by a third-party vendor, and as those business records were not incorporated into the servicer's own electronic files, they were inadmissible hearsay (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209). "It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1021; see Bank of N.Y. Mellon v Gordon, 171 AD3d at 205). Thus, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference should have been denied.
The Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her. The defendant failed to meet her initial burden of demonstrating the absence of a triable issue of fact as to whether the plaintiff complied with RPAPL 1304 (see JPMorgan Chase Bank, N.A. v Gold, 188 AD3d 1019, 1022; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 23-24; see also Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court