U.S. Bank N.A. v Lloyd-Lewis (2022 NY Slip Op 03139)

U.S. Bank N.A. v Lloyd-Lewis

2022 NY Slip Op 03139

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-02235
 (Index No. 500365/18)

[*1]U.S. Bank National Association, etc., respondent,
v
Janett Lloyd-Lewis, etc., appellant, et al., defendants.

Law Office of Paul R. Kenney, LLC, New York, NY, for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Mitchell S. Kurtz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Janett Lloyd-Lewis appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 30, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 31, 2006, Garth C. Lewis (hereinafter Lewis) borrowed the sum of $579,500 from First Franklin, a Division of National City Bank of Indiana, secured by a mortgage on a two-family dwelling in Brooklyn. Lewis was listed as sole borrower on the note and mortgage. The note was endorsed, on its last page, by the original lender, First Franklin, a Division of National City Bank of Indiana, to First Franklin Finance Corporation, and further endorsed by First Franklin Finance Corporation in blank.
On February 26, 2013, Lewis died. The defendant Janett Lloyd-Lewis (hereinafter the defendant) was appointed administrator of Lewis's estate. In January 2018, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. A copy of the note, endorsed in blank, was annexed to the complaint. The defendant, acting pro se, asserted lack of standing and failure to comply with RPAPL 1303 and 1304 as affirmative defenses in her answer.
In October 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. By order dated October 30, 2019, the Supreme Court granted the plaintiff's motion. The defendant appeals, and we affirm.
The plaintiff established standing by annexing a copy of the original note, endorsed in blank, to the summons and complaint at the time the action was commenced (see HSBC Bank USA, N.A. v Desir, 188 AD3d 657, 658; U.S. Bank N.A v Offley, 170 AD3d 1240, 1241). Further, [*2]the plaintiff established that it provided notice pursuant to RPAPL 1303 by submitting copies of the affidavits of service establishing proper service upon the defendant of the notice required by the statute (see Deutsche Bank Natl. Trust Co. v Blackman, 203 AD3d 698). Contrary to the defendant's contention, the defendant, who was not a borrower, was not entitled to notice pursuant to RPAPL 1304 (see HSBC Bank USA, N.A. v Shah, 185 AD3d 794, 796; Charles Schwab Bank v Winitch, 179 AD3d 1003, 1005-1006; cf. Bank of N.Y. Mellon v Forman, 176 AD3d 663, 666).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court