Federal Natl. Mtge. Assn. v Raja (2022 NY Slip Op 06912)

Federal Natl. Mtge. Assn. v Raja

2022 NY Slip Op 06912

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-08314 
2019-08316
 (Index No. 2942/17)

[*1]Federal National Mortgage Association, etc., respondent,
v
Surya P. Raja, appellant, et al., defendants.

Peter D. Barlet, Warwick, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Surya P. Raja appeals from (1) an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated April 26, 2019, and (2) an order of the same court dated April 2019. The order dated April 26, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Surya P. Raja, to strike that defendant's amended answer and affirmative defenses, and for an order of reference, and denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him. The order dated April 2019, insofar as appealed from, granted the same relief to the plaintiff, in effect, denied the same relief to the defendant Surya P. Raja, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order dated April 26, 2019, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Surya P. Raja, to strike that defendant's amended answer and affirmative defenses other than the affirmative defense alleging lack of standing, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order dated April 26, 2019, is affirmed insofar as appealed from, without costs or disbursements, and so much of the order dated April 2019 as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Surya P. Raja, to strike that defendant's amended answer and affirmative defenses other than the affirmative defense alleging lack of standing, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the order dated April 2019 as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Surya P. Raja, to strike that defendant's amended answer and affirmative defenses other than the affirmative defense alleging lack of standing, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order [*2]dated April 26, 2019; and it is further,
ORDERED that the order dated April 2019 is affirmed insofar as reviewed, without costs or disbursements.
On September 15, 2003, the defendant Surya P. Raja (hereinafter the defendant) executed a note in the amount of $322,700 in favor of HSBC Mortgage Corporation (USA). To secure repayment of the note, the defendant executed a mortgage in favor of HSBC Mortgage Corporation (USA) on real property located in Warwick.
In April 2017, the plaintiff commenced this action, inter alia, to foreclose the mortgage. The defendant served an amended answer in which he asserted, as affirmative defenses, among other things, lack of standing and failure to comply with RPAPL 1303 and 1304. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his amended answer and affirmative defenses, and for an order of reference. The defendant opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him based on the plaintiff's lack of standing and failure to comply with RPAPL 1303 and 1304. In an order dated April 26, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his amended answer and affirmative defenses, and for an order of reference, and denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him. The court determined that the plaintiff established that it had standing to commence this action because the note was annexed to the complaint. The court further determined that the plaintiff established that it properly served the defendant with the notices required by RPAPL 1303 and 1304. In an order dated April 2019, the court, among other things, granted the same relief to the plaintiff, in effect, denied the same relief to the defendant, and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
The plaintiff established, prima facie, that it had standing to commence this action by submitting in support of its motion a copy of the note, endorsed in blank, that was annexed to the complaint at the time the action was commenced (see U.S. Bank N.A. v Lloyd-Lewis, 205 AD3d 838; HSBC Bank USA, N.A. v Desir, 188 AD3d 657, 658; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241). Contrary to the defendant's contention, "'[w]here the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date'" (U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452, quoting U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091; see HSBC Bank USA, N.A. v Desir, 188 AD3d at 659). In opposition, the defendant failed to raise a triable issue of fact. For the same reason, in support of his cross motion, the defendant failed to establish, prima facie, that the plaintiff did not have standing to commence this action.
Nevertheless, the plaintiff failed to demonstrate, prima facie, that it strictly complied with RPAPL 1304. "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 131-132 [citations and internal quotation marks omitted]). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage" (Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236).
"A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal [*3]knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232). "Evidence of an established and regularly followed office procedure may give rise to a rebuttable presumption that such a notification was mailed to and received by the [intended recipient]" (CIT Bank N.A. v Schiffman, 36 NY3d 550, 556 [citation and internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Shields, 201 AD3d 1007, 1009). "'[I]n order for the presumption to arise, [the] office practice must be geared so as to ensure the likelihood that [the] notice . . . is always properly addressed and mailed'" (CIT Bank N.A. v Schiffman, 36 NY3d at 556, quoting Nassau Ins. Co. v Murray, 46 NY2d 828, 830; see Wells Fargo Bank, N.A. v Shields, 201 AD3d at 1009).
Here, an affidavit from an employee of the plaintiff's alleged loan servicer, which was submitted by the plaintiff in support of its motion, failed to describe the procedures in place designed to ensure that RPAPL 1304 notices are properly mailed by both first-class and registered or certified mail (see Bank of N.Y. Mellon v Sae Young Min, 201 AD3d 854, 855; Freedom Mtge. Corp. v Granger, 188 AD3d 1163, 1165). Moreover, while "'[t]here is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon'" (Bank of N.Y. Mellon v Basta, 205 AD3d 664, 665, quoting Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826), the letter log submitted by the plaintiff and relied upon by the employee of the plaintiff's alleged loan servicer in his affidavit failed to establish that the 90-day notice was actually mailed to the defendant by both certified mail and first-class mail (see US Bank N.A. v Pierre, 189 AD3d 1309, 1311-1312). "'[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d 1030, 1033, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). None of the other documents submitted by the plaintiff, considered individually or together, including the copies of the 90-day notice letters themselves, provided any information as to whether the notice was sent to the defendant by regular first-class mail (see Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d at 1033; CitiMortgage, Inc. v McGregor, 189 AD3d 1340, 1342; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1051). Further, while the plaintiff submitted a copy of a 90-day notice purportedly sent to the defendant, care of his attorney, at a P.O. Box address, the plaintiff did not allege, or provide evidence to demonstrate, that the P.O. Box address was the defendant's last known address. Because the plaintiff "failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure," the plaintiff failed to establish, prima facie, its entitlement to judgment as a matter of law (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see JPMorgan Chase Bank, N.A. v Gershfeld, 187 AD3d 1003, 1005).
The defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with RPAPL 1304. The defendant's affidavit submitted in support of his cross motion was insufficient to demonstrate his prima facie entitlement to judgment as a matter of law, and the defendant "'did not carry his burden in moving for summary judgment by pointing to the gaps in the plaintiff's proof'" (Bank of N.Y. Mellon v Basta, 205 AD3d at 666, quoting Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105, 1106; see Deutsche Bank Natl. Trust Co. v Blackman, 203 AD3d 698; JPMorgan Chase Bank, N.A. v Gold, 188 AD3d 1019, 1022). Therefore, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with RPAPL 1304, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court erred in finding that the plaintiff established, prima facie, that it provided notice in compliance with RPAPL 1303. "RPAPL 1303 requires that a notice titled 'Help for Homeowners in Foreclosure' be delivered to the mortgagor along with the summons and complaint in residential foreclosure actions involving owner-occupied, one- to four-family dwellings" (US Bank N.A. v Nelson, 169 AD3d 110, 118, affd 36 NY3d 998; see RPAPL 1303[1], [*4][2]; Nationstar Mtge., LLC v Gayle, 191 AD3d 1003, 1006). "The statute mandates that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type" (Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676; see RPAPL 1303[2]; Flagstar Bank, FSB v Hart, 184 AD3d 626, 628). Proper service of an RPAPL 1303 notice is a condition precedent to commencing a foreclosure action, and the "foreclosing party has the burden of showing compliance therewith" (First Natl. Bank of Chicago v Silver, 73 AD3d 162, 167; see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664).
Here, the plaintiff's submissions did not demonstrate that the notice served upon the defendant complied with the type-size requirements in RPAPL 1303 (see Bank of Am., N.A. v Keefer, 204 AD3d 970; Countrywide Home Loans, Inc. v Taylor, 17 Misc 3d 595, 599 [Sup Ct, Suffolk County]). The assertions in the plaintiff's attorney's affirmation that the notice complied with the type-size requirements lacked probative value.
However, contrary to the defendant's contention, he did not demonstrate, prima facie, that the plaintiff failed to comply with RPAPL 1303. In support of his cross motion, the defendant submitted an affidavit of service attesting that the plaintiff served the defendant with RPAPL 1303 notice, along with the summons and complaint, and another affidavit of service attesting that the plaintiff served the defendant's son with the summons and complaint, but with no indication that the plaintiff served the defendant's son with RPAPL 1303 notice. As the plaintiff correctly contends, it was not required to serve the defendant's son with notice pursuant to RPAPL 1303 at the time the summons and complaint was served, and the plaintiff's failure to do so does not bear upon whether RPAPL 1303 notice was properly served on the defendant (see RPAPL 1303[1][b]; [2], [4]). Further, contrary to the defendant's contention, he did not assert in his affidavit submitted in support of his cross motion that he did not receive notice in compliance with RPAPL 1303, and his attorney's affirmation merely pointed to gaps in the plaintiff's proof, which was insufficient to establish the defendant's prima facie entitlement to judgment as a matter of law (see Bayview Loan Servicing, LLC v Caracappa, 202 AD3d 900, 902; US Bank N.A. v Bamba, 189 AD3d 1116, 1117). Therefore, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with RPAPL 1303, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Accordingly, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his amended answer and affirmative defenses other than the affirmative defense alleging lack of standing, and for an order of reference, but properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court