U.S. Bank, N.A. v Goichman (2024 NY Slip Op 04414)

U.S. Bank, N.A. v Goichman

2024 NY Slip Op 04414

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2023-05726
 (Index No. 610309/19)

[*1]U.S. Bank, National Association, etc., respondent,
v
Gwenn J. Goichman, etc., appellant, et al., defendants.

McCalla, Raymner, Leibert, Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.
Sheldon Farber, Lawrence, NY, for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gwenn J. Goichman appeals from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), entered March 30, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gwenn J. Goichman, to strike that defendant's answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Gwenn J. Goichman (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brookhaven. The defendant interposed an answer asserting various affirmative defenses, including lack of standing. The plaintiff then moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion. By order entered March 30, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
A plaintiff establishes its standing to maintain a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1174). The plaintiff meets this burden by submitting proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action (see UCC 1-201[b][21][A]; 3-202[1]; 3-204; Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Here, the plaintiff established, prima facie, that it had standing to commence this action by submitting in support of its motion a copy of the note, endorsed in blank, that was annexed to the complaint at the time the action was commenced (see U.S. Bank N.A. v Lloyd-Lewis, 205 AD3d 838, 839; HSBC Bank USA, N.A. v Desir, 188 AD3d 657, 658; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241).
In opposition, the defendant failed to raise a triable issue of fact. "'Where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date'" (U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452, quoting U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091 [alterations omitted]; see Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 892).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court