U.S. Bank Trust N.A. v Smith (2025 NY Slip Op 50734(U))

[*1]

U.S. Bank Trust N.A. v Smith

2025 NY Slip Op 50734(U)

Decided on May 7, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 7, 2025
Supreme Court, Westchester County

U.S. Bank Trust National Association as 
 Trustee For NRZ Inventory Trust, Plaintiff,

against
Shawnta Smith, As Heir And Distributee Of The Estate Of Annie Smith; Willie Smith, As Heir And Distributee Of The Estate Of Kathy Smith And As Heir And Distributee Of The Estate Of Annie Smith; Kenneth Flowers, As Heir And Distributee Of The Estate Of Kathy Smith And As Heir And Distributee Of The Estate Of Annie Smith; Unknown Heirs And Distributees Of The Estate Of Annie Smith; et al., Defendants.

Index No. 69743/2019

Knuckles, Komosinski et al.
Attorney for Plaintiff
565 Taxter Road, Ste 590
Elmsford, New York 10523
Stephanie Davis

Linda S. Jamieson, J.

The following papers numbered 1 to 4 were read on this motion:
Paper Number
Order to Show Cause, Affidavit and Exhibits 1
Memorandum of Law 2
Affirmation in Opposition 3
Reply Affidavit 4
Pro se defendant Stephanie Davis brings her motion seeking to renew "a previous order to show cause to Vacate her alleged default in filing an Answer to the Complaint after dismissal of her motion to dismiss by the Appellate Division, 2d Dept. pursuant to CPLR§ 2221(e), based on a change in the Law. . . ."
In December 2024, this Court denied a previous Order to Show Cause filed by movant. In that Decision and Order, after addressing other issues raise by movant, the Court found that "this action is not time-barred, as movant asserts, because the statute of limitations only began to run when the loan was accelerated back in 2015 (only three years prior to commencement). Nor is it barred by the Foreclosure Abuse Prevention Act, as that statute does not apply retroactively." 
Now, on this motion, movant focuses on the Foreclosure Abuse Prevention Act ("FAPA"), because the Second Department has held that "FAPA was intended to apply retroactively. . . . FAPA provides that it shall take effect immediately and shall apply to all actions commenced on an instrument described under [CPLR 213(4)] in which a final judgment [*2]of foreclosure and sale has not been enforced."[FN1]
97 Lyman Ave., LLC v. MTGLQ Invs., L.P., 233 AD3d 1038, 1042, 225 N.Y.S.3d 386, 390 (2d Dept. 2024). The Court thus was incorrect in stating that FAPA did not apply retroactively. It does not make a difference in this case, however, as discussed below.
FAPA is designed to address situations in which a plaintiff attempts "to manipulate statutes of limitations to their advantage," by repeatedly resetting the acceleration date. FV-1, Inc. v. Palaguachi, 234 AD3d 818, 822, 227 N.Y.S.3d 329, 333 (2d Dept. 2025) ("Once a cause of action to foreclose a mortgage has accrued, no party may, in form or effect, unilaterally revive or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the statute of limitations."). In this case, although the original default was in 2012, the acceleration was not until 2015, when plaintiff commenced a previous action. That action was dismissed, but plaintiff commenced this action in 2019 — within six years of acceleration.
Movant asserts that because plaintiff seeks interest from 2012, the date of default, that must be the acceleration date. Specifically, she asserts that "it can be argued that the Plaintiff has admitted that the acceleration occurred on June 22, 2012" because it seeks interest from that date. This argument does not have any merit, though, as acceleration must be "by a demand or commencement of an action." MTGLQ Invs., LLP v. Lunder, 183 AD3d 967, 968, 123 N.Y.S.3d 711, 712—13 (3d Dept. 2020). See also GSR Mortg. Loan Tr. v. Epstein, 205 AD3d 891, 892—93, 169 N.Y.S.3d 334, 337 (2d Dept. 2022) (a "form of acceleration exists when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due."). 
The Court notes that movant is the party that bears the burden of establishing that acceleration occurred more than six years prior to commencement, which she has not done with her speculation. N. Shore Invs. Realty Grp., LLC v. Traina, 170 AD3d 737, 738, 95 N.Y.S.3d 277, 279 (2d Dept. 2019) ("The defendants failed to meet their prima facie burden of establishing that the time within which to commence the action had expired."). As there is no evidence to demonstrate that the acceleration was prior to 2015, this action is timely, and the retroactive application of FAPA does not change that.
In her reply papers on this motion, movant raises the 90-day notice required by RPAPL § 1304 for the first time. This is improper. "The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion. An argument raised for the first time in reply should not be considered unless there is an opportunity to respond and submit papers in surreply." Fed. Nat'l Mortg. Ass'n v. NB 1168 Realty, LLC, 234 AD3d 938, 939, 225 N.Y.S.3d 720, 722 (2d Dept. 2025). Even if it were procedurally proper for the Court to consider an issue first raised in reply, the 1304 notice is not a proper defense for movant, who is not a borrower, to raise. The Second Department has explained that "Where a loan is a home loan for the borrower's principal residence, the mortgage creditor contemplating a mortgage foreclosure action is required, pursuant to RPAPL 1304, to serve the borrower with notice of his or her default. . . . Here, we agree with the Supreme Court that, under the circumstances of this case, the defendant was not a 'borrower' for purposes of RPAPL 1304" and thus cannot raise this defense. HSBC Bank USA, N.A. v. Shah, 185 AD3d 794, 795—96, 128 N.Y.S.3d 32, 33—34 (2d Dept. 2020). See also HSBC Bank USA, Nat'l Ass'n v. Tigani, 185 AD3d 796, 799, 128 N.Y.S.3d 522, 526 (2d Dept. 2020) ("the statutory defense created by RPAPL 1302(2) for noncompliance with RPAPL 1304 is a personal defense which could not be raised by [movant], a [*3]stranger to the note and underlying mortgage.").
As none of movant's arguments have a legal basis, the Court denies the motion in its entirety.
The foregoing constitutes the decision and order of the Court.
Dated: May 7, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court

Footnotes

Footnote 1: In this case, the Judgment of Foreclosure and Sale was issued in September 2024, and the Referee issued his Report in January 2025 (erroneously dated January 2024). The Court not need reach the issue of whether this constitutes the Judgment being "enforced," however, because there is no basis on which FAPA can apply in this particular matter.