Metropolitan Life Ins. Co. v Benton (2025 NY Slip Op 04720)

Metropolitan Life Ins. Co. v Benton

2025 NY Slip Op 04720

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-04935
2024-07980
2024-08061
 (Index No. 613761/21)

[*1]Metropolitan Life Insurance Company, respondent,
v
Stuart J. Benton, etc., et al., appellants, et al., defendants.

A. M. Richardson, III, LLC, New York, NY (Ambrose M. Richardson of counsel), for appellants.
Friedman Vartolo LLP, Garden City, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Stuart J. Benton and Cheryl L. Benton appeal from (1) an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered December 27, 2023, (2) an order of the same court entered December 29, 2023, and (3) an order and judgment of foreclosure and sale (one paper) of the same court (Gary M. Carlton, J.) entered July 5, 2024. The orders entered December 27, 2023, and December 29, 2023, insofar as appealed from, in effect, upon reargument, vacated so much of an order of the same court (David P. Sullivan, J.) dated June 7, 2023, as denied those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants Stuart J. Benton and Cheryl L. Benton, to strike those defendants' answer, and for an order of reference, and thereupon granted those branches of the plaintiff's prior motion. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the appeals from the orders entered December 27, 2023, and December 29, 2023, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On February 19, 1999, the defendants Stuart J. Benton and Cheryl L. Benton (hereinafter together the defendants) executed a note in the sum of $452,000 in favor of Chase Manhattan Bank. The note was secured by a mortgage on certain property located in Glen Cove (hereinafter the premises). On June 28, 2013, the defendants entered into a loan modification agreement, which modified the unpaid principal balance of the loan. By an assignment of mortgage dated April 13, 2015, the mortgage was assigned to the plaintiff.
On October 29, 2021, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an answer in which they asserted various affirmative defenses, including lack of standing.
In December 2022, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants cross-moved pursuant to CPLR 3211(a)(1) and (3) to dismiss the complaint insofar as asserted against them for lack of standing. In an order dated June 7, 2023, the Supreme Court denied the plaintiff's motion and granted the defendants' cross-motion.
In July 2023, the plaintiff moved, among other things, for leave to reargue its prior motion. The defendants opposed the motion. In two orders entered December 27, 2023, and December 29, 2023, the Supreme Court, inter alia, in effect, upon reargument, vacated so much of the order dated June 7, 2023, as denied those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, and thereupon granted those branches of the plaintiff's prior motion. Thereafter, the court issued an order and judgment of foreclosure and sale entered on July 5, 2024, among other things, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and directing the sale of the premises. The defendants appeal from the orders entered December 27, 2023, and December 29, 2023, and from the order and judgment of foreclosure and sale.
The appeals from the orders entered December 27, 2023, and December 29, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
"Where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing that it is entitled to summary judgment" (Reich v 559 St. Johns Pl, LLC, 204 AD3d 850, 851). A plaintiff establishes its standing to maintain a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "The plaintiff meets this burden by submitting proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action" (U.S. Bank, N.A. v Goichman, 230 AD3d 1186, 1186).
Here, the plaintiff established, prima facie, its standing by demonstrating that a copy of the note, endorsed in blank, was annexed to the summons and complaint when it commenced the action (see U.S. Bank N.A. v Lloyd-Lewis, 205 AD3d 838, 839; HSBC Bank USA, N.A. v Desir, 188 AD3d 657, 658; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court, in effect, upon reargument, properly vacated so much of the order dated June 7, 2023, as denied those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, and thereupon granted those branches of the plaintiff's prior motion.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court